IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LARENZO BERLIN GLENN,                §
                                     §
            Petitioner,              §
                                     §        Civil Action No. 3:14-CV-3403-D
v.                                   §
                                     §
LORIE DAVIS, DIRECTOR TDCJ-CID,      §
                                     §
            Respondent.              §

MEMORANDUM OPINION
AND ORDER

Petitioner Larenzo Berlin Glenn ("Glenn") moves for relief from judgment under Fed. R.

Civ. P. 60(b). For the reasons that follow, the court denies the motion.

I

Glenn was convicted by a jury in Texas state court of the offense of burglary of a habitation

with intent to commit sexual assault and sentenced to life in prison. His conviction was affirmed

on direct appeal, *see Glenn v. State*, 2013 WL 1281912, at *1 (Tex. App.–Dall., Mar. 19, 2013), and

his petition for discretionary review was refused, *see Glenn v. State*, PD-531-13 (Tex. Crim. App.

July 24, 2013). He did not file a petition for writ of certiorari in the Supreme Court of the United

States.

After unsuccessfully seeking habeas relief in state court, Glenn filed a petition for federal

habeas relief in this court. On November 21, 2016 this court denied habeas relief and denied a

certificate of appealability.

On November 13, 2019 Glenn filed in the United States Court of Appeals for the Fifth

Circuit a motion for authorization to file a Rule 60(b)(5) and (6) motion in the district court. A copy

of the motion was docketed in this court on December 2, 2019. On December 16, 2019 the

magistrate judge denied the motion for leave as moot on the ground that leave to file a motion under Rule 60(b) was not required. Applying the prison mailbox rule, the instant Rule 60(b) motion is deemed filed on November 9, 2019.[1]

Glenn now seeks relief under Rule 60(b)(3), (5), and (6).[2]

II

A

"Under Rule 60(c)(1), any 'motion under Rule 60(b) must be made within a reasonable time,' unless good cause can be shown for the delay." *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017) (quoting *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)). "'Good cause' for a reasonable delay must be 'evaluated on a case-by-case basis.'" *Id.* (quoting *In re Osborne*, 379 F.3d at 283). The timeliness of a motion is assessed at the point in time when the moving party has a basis to make such a motion, regardless of the time that has passed since judgment was entered. *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). "Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *In re Edwards*, 865 F.3d at 208-09 (quoting *First RepublicBank Fort Worth*, 958 F.2d at 121). When the moving party has failed to appeal and the bases for relief were known within the time to appeal, "the usual time

---

[1]Under the prison mailbox rule, a prisoner's pleading is deemed filed on the date the *pro se* prisoner submits the pleading to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Glenn's Rule 60(b) motion was signed and dated November 9, 2019. The court will assume that he deposited the motion with prison authorities for mailing on the same day, and it will therefore deem the motion to have been filed on November 9, 2019.

[2]All motions under Rule 60(b) must be filed within a "reasonable time." Rule 60(c)(1). But Rule 60(b) motions filed for the reasons set forth in Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*

period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60[(c)]." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985); *see also Groden v. Allen*, 2009 WL 1437834, at *7 (N.D. Tex. Mar. 31, 2009) (Ramirez, J.) (holding Rule 60(b) motion to be untimely under Rule 60(c) when defendant filed it outside the time for appeal and failed to show good cause for the delay), *rec. adopted*, 2009 WL 1437834, at *1 (N.D. Tex. May 22, 2009) (Fitzwater, C.J.). "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless." *Pryor*, 769 F.2d at 288.

B

The judgment in this case was entered on November 21, 2016. Glenn inexplicably waited almost three years before filing his Rule 60(b) motion seeking relief from the judgment, and he fails to provide an explanation for his failure to timely file his motion. Nor can the court on its own discern any valid basis for the delay.

In his Rule 60(b) motion, Glenn "contest[s] the 'integrity of [the] "ORDER" [in case number] N. 3:14-CV-343-D(BH)." P. Mot. at 1. He challenges this court's dismissal of his "federal writ" on the basis that he is entitled to relief under 28 U.S.C. § 2244(b)(2)(B)(ii)[3] because (1) the prosecutor induced perjury in violation of due process, and (2) there was fraud on this court. *Id.* at 4-5. Glenn has failed to show any reason why he could not have timely filed a Rule 60(b) motion, presented this argument, and attacked the validity of this court's judgment.

In sum, Glenn has not presented any valid excuse for belatedly filing his Rule 60(b) motion.

---

[3]The cited section addresses part of what must be shown in the court of appeals for the district court to entertain a second or successive habeas claim. *See* 28 U.S.C. § 2244(b)(2)(B)(ii).

To the contrary, it appears that he is impermissibly attempting to use Rule 60(b) to remedy his own failure to file a timely appeal of the judgment against him based on a legal argument of which he has long been aware. The court concludes that Glenn's nearly three-year delay in filing his Rule 60(b) motion is not reasonable under the circumstances of this case, and that Glenn has failed to provide the court good cause for his delay. Accordingly, the court denies Glenn's Rule 60(b) motion as untimely.

III

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court finds that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If petitioner files a notice of appeal,

( ) petitioner may proceed *in forma pauperis* on appeal.

(**X**) petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis.*

\*   \*   \*

Accordingly, Glenn's motion for relief from final judgment pursuant to Rule 60(b)—deemed filed on November 9, 2019—is denied.

**SO ORDERED**.

January 9, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE