IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARENZO BERLIN GLENN, § § Petitioner, § § VS. § § LORIE DAVIS, DIRECTOR TDCJ-CID, § § Respondent. § | Civil Action No. 3:14-CV-3403-D (Fifth Circuit No. 20-10135) |

MEMORANDUM OPINION
AND ORDER

Petitioner Larenzo Berlin Glenn ("Glenn") moves under Fed. R. App. P. 4(a)(5)(A) to extend the time to file a notice of appeal. The court denies the motion without prejudice as moot because his notice of appeal was timely filed.

I

Glenn filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 21, 2016 the court denied the petition with prejudice. Glenn filed a Rule 60(b) motion that was deemed filed on November 9, 2019.[1] On January 9, 2020 the court denied the Rule 60(b) motion as untimely.

On January 26, 2020[2] Glenn filed the instant motion for extension of time in the United States Court of Appeals for the Fifth Circuit, arguing that "Good Cause" exists for his failure to mail the "intended *instrument*." Mot. at 1 (emphasis in original). He maintains that the prison law library

---

[1]Under the prison mailbox rule, a prisoner's pleading is deemed filed on the date the *pro se* prisoner submits the pleading to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Glenn's Rule 60(b) motion was signed and dated November 9, 2019. The court therefore deems it to have been filed on November 9, 2019.

[2]This date is also based on the prison mailbox rule. It is the date Glenn signed his motion.

responded late to his request due to the "MLK Holiday." *Id.* (emphasis omitted). The Fifth Circuit forwarded his filing to this court. This court construes Glenn's filing as both a notice of appeal and a motion under Fed. R. App. P. 4(a)(5)(A) to extend the time to file a notice of appeal. *See Kramer v. Castaneda*, 599 Fed. Appx. 174, 174 (5th Cir. 2015) (per curiam) (construing notice of appeal with reasons for untimely filing as Fed. R. App. P. 4(a)(5)(A) motion).

II

With exceptions not pertinent here, in a civil case a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A), 4(a)(1)(B).[3] This court entered its order denying Glenn's Rule 60(b) motion on January 9, 2020. Any notice of appeal had to have been filed within 30 days thereafter. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Glenn's instant filing—which the court construes as a notice of appeal and a motion for extension of time within which to file a notice of appeal—was filed on January 26, 2020. Because the notice of appeal was filed within 30 days of entry of the order

---

[3]A district court may extend the time to file a notice of appeal.

> The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

An evaluation of good cause is an equitable matter involving the following relevant factors: "whether the appealing party acted in good faith, the length of the delay, the cause of the delay, the risk of prejudice to the opposing party, and the potential impact on judicial proceedings." *United States v. Bradley*, 788 Fed. Appx. 989, 990 (5th Cir. 2019) (per curiam) (citing *Pioneer Inv. Servs., Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). A court's ruling on excusable neglect is subject to an abuse of standard review. *See id.*

appealed from, it was timely filed.⁴ Glenn's request for an extension of time within which to appeal is therefore moot, because his notice of appeal is timely.

* * *

Accordingly, Glenn's motion to extend the time to file a notice of appeal under Rule 4(a)(5)(A) is denied without prejudice as moot.

**SO ORDERED**.

February 11, 2020.

_[signature]_
SIDNEY A. FITZWATER
SENIOR JUDGE

---

⁴*See Hamer v. Neighborhood Hous. Servs. of Chi.*, ___ U.S. ___, 138 S. Ct. 13, 16 (2017) ("[A]n appeal filing deadline prescribed by statute will be regarded as 'jurisdictional,' meaning that late filing of the appeal notice necessitates dismissal of the appeal.").